IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JEAN PIERRE d/b/a CAMPO VERDE SQUARE<br>Plaintiff, | § | |
| v. | § | Civil Action No. ________________ |
| ZURICH AMERICAN INSURANCE COMPANY and BERNARD NGUYEN DANG<br>Defendants. | § | |

**DEFENDANT ZURICH AMERICAN INSURANCE COMPANY'S**
**NOTICE OF REMOVAL**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Defendant Zurich American Insurance Co., Inc. ("ZAIC") files this Notice of Removal pursuant to 28 U.S.C. §1446(a) and respectfully shows the Court:

## I. BACKGROUND

1. This case is an insurance claim based on alleged hail and windstorm damage to the roofs of Plaintiff Jean Pierre d/b/a Campo Verde Square's ("Campo Verde") commercial properties located in Arlington, Texas. ZAIC issued the property insurance policy at issue. On July 21, 2016, Plaintiff filed its Original Petition in the matter styled as Cause No. 352-286608-16; *Jean Pierre d/b/a Campo Verde Square v. Zurich American Ins. Co., et al*, in the 352nd Judicial District Court of Tarrant, County, Texas. According to Plaintiff's Original Petition, ZAIC insured the property and Bernard Nguyen Dang ("Dang") handled the claims process. Plaintiff asserts that Defendants have delayed and underpaid the claim. Nevertheless, Plaintiff fails to acknowledge that ZAIC has already issued payments of over $270,000 and that Plaintiff has never requested the recoverable depreciation calculated for this claim.

2. Plaintiff served ZAIC's registered agent with the citation and Plaintiff's Original Petition on August 5, 2016. Dang was served with citation and Plaintiff's Original Petition on August 23, 2016. Accordingly, ZAIC files this Notice of Removal within the thirty-day time period required by 28 U.S.C. §1446(b).

3. Pursuant to Local Rule 81.1 the following documents are being filed concurrently with this removal: the Index of Matters Being Filed (Exhibit 1); a Civil Case Cover Sheet (Exhibit 2); a Supplemental Civil Case Cover Sheet (Exhibit 3); a copy of the Tarrant County Clerk's file for this case (Exhibit 4), which includes true and correct copies of all executed process, pleadings and orders, and a copy of the docket sheet; and the Certificate of Interested Parties (Exhibit 5).

## II. BASIS FOR REMOVAL

4. Removal is proper based upon diversity of citizenship under 28 U.S.C. §§ 1332(a)(1), 1441(a), and 1446.

### A. The Proper Parties Are Diverse

5. Upon information and belief, and as pled in Plaintiff's Original Petition, Plaintiff is, and was at the time the lawsuit was filed, a natural person domiciled in Texas. *See* Plaintiffs' Original Petition, p. 1.

6. Defendant Zurich American Insurance Company (hereinafter "ZAIC") is a New York corporation engaged in the insurance business with a statutory home office located at One Liberty Plaza, 165 Broadway, 32nd Floor, New York, New York 10006, and its principal place of business located at 1400 American Lane, Schaumburg, Illinois 60196. It is authorized to transact business and has transacted business in Texas.

7. Defendant Bernard Dang - an employee of Zurich - is an individual domiciled in the State of Texas and is classified as a citizen of the State of Texas. But with respect to the claims against Dang, ZAIC contends that he has been improperly joined in this action for the reasons set forth below. Therefore, Dang's Texas citizenship should be disregarded for the purposes of evaluating diversity in this matter.

**B. Improper Joinder Standards**

8. This Court should rule that Dang has been improperly joined solely to defeat diversity. A party may establish improper joinder by showing (1) actual fraud in the pleading of jurisdictional facts, or (2) the plaintiff's inability to establish a state-law claim against the non-diverse defendant. *Int'l Energy Ventures Mgmt., LLC v. United Energy Grp., Ltd.*, 818 F.3d 193, 199 (5th Cir. 2016); *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 574 (5th Cir. 2004) (en banc). To determine "whether the complaint states a claim under state law against the in-state defendant," courts "may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint." *Smallwood*, 385 F.3d at 573.

9. The Fifth Circuit has recently clarified that for the improper joinder analysis, pleadings must satisfy the federal pleading standard: <u>not</u> Texas's fair notice pleading standard. *Int'l Energy Ventures Mgmt*., 818 F.3d at 200 ("It is well-established, of course that Rule 12(b)(6) analysis necessarily incorporates the *federal* pleading standard'") (emphasis original) (internal citations omitted). This means that many allegations under the Texas Insurance Code must meet the heightened pleading requirements of Rule 9(b). *See, e.g., Columbia Mut. Ins. Co. v. Trewitt-Reed Funeral Home, Inc*., No. 4:15-CV-568-A, 2016 WL 524597, at *2 (N.D. Tex. Feb. 5, 2016). When these principles are applied, it is evident that Dang has been joined solely to defeat diversity jurisdiction.

**C. Plaintiff's Original Petition Carries Clear "Badges" of Improper Joinder**

10. Texas federal courts have recognized the overwhelmingly "popular tactic" of naming Texas based insurance adjusters in suits against insurance companies. *Gonzalez v. State Farm Lloyds*, No. 4:15-CV-305-A, 2015 WL 3408106, at *1 (N.D. Tex. May 27, 2015) (McBryde, J.); *Lopez v. United Prop. & Cas. Ins. Co.*, No. 3:16-cv-0089, 2016 WL 367115 (S.D. Tex. July 11, 2016). As a result, those courts have identified "badges of improper joinder" that provide strong inferences that the petition at issue was purposefully designed to defeat federal jurisdiction. *Plascencia v. State Farm Lloyds*, No. 4:14-cv-524-A, 2014 WL 11474841, *6 (N.D. Tex. Sept. 25, 2014) (McBryde, J.).

11. The first "badge" is the use of "a standard form petition developed for use in similar cases which appears 'purposefully designed to defeat federal court jurisdiction.'" *Id.* at *6, *citing Dougherty v. State Farm Lloyds*, No. 4:01-cv-611-A, 2001 WL 1041817 (N.D. Tex. Aug. 30, 2001); *Studer v. State Farm Lloyds*, No. 4:13-cv-413, 2014 WL 234352 (E.D. Tex. Jan. 21, 2014). This is the case with Plaintiff's Original Petition. Comparing Paragraphs 5.6 through 5.9 demonstrates that they are identical to the same allegations rejected by Judge Fitzwater in the Northern District and Judge Miller in the Southern District. *Mainali Corp. v. Covington Specialty Ins. Co.*, No. 3:15-cv-1087-D, 2015 WL 5098047 (N.D. Tex. Aug. 31, 2015); *Mt. Olive Missionary Baptist Church v. Underwriters at Lloyds London, et al*, No. 4:16-cv-00234 (S.D. Tex. Aug. 26, 2016) (attached as Exhibit 6). And while Judge Lynn has ruled otherwise on the same allegations,[1] it does not change the fact that absolutely no effort has been made to actually identify specific facts that could subject Dang to personal liability. The facts alleged in each of those three cases are identical regardless of the time of the claim, location where it occurred, or even the insurance company that issued the particular policy. As a result, the boilerplate

[1] *Manziel, et al v. Seneca Ins. Co., et al*. No. 3:15-cv-03786-M, 2016 WL 3745686 (N.D. Tex. July 13, 2016).

pleadings provide a "strong suggestion" that Plaintiff's counsel has set upon a deliberate course of trying to avoid federal court. *Plascencia* at *6.

12. The second badge is "the absence of any plausible reason for suing the Texas citizen other than to defeat diversity jurisdiction." *Id*. at *7, *citing Jimenez v. Travelers Indem. Co.*, No. H-09-1308, 2010 WL 1257802 at *5 (S.D. Tex. Mar. 25, 2010). Just as in the *Plascencia* case, there is no plausible reason why Dang would have been joined in this case other than to defeat diversity. ZAIC is certainly solvent and there is no question of its ability to fund a judgment. *Id.* Likewise, Plaintiff does not allege any type of act or statement apart from those performed in the course of his employment with Zurich. While these factors may not be outcome determinative, their combination should cast serious doubts about whether Plaintiff and its counsel are "serious in the assertion of claims they purport to be asserting against" Dang.

**D. Plaintiff Does Not Allege Actionable Claims Against Dang**

13. Even were the Court to disregard the evident badges of improper joinder, Plaintiff has still failed to state actionable claims against Dang. Several courts have already ruled that many of the commonly asserted causes of action against insurance adjusters – just like those here – are actually not actionable. Specifically:

- Plaintiff cannot recover against Dang under Insurance Code §541.060(a)(2)(A). *Mainali Corp.*, 2015 WL 5098047 at *4, *citing One Way Invs., Inc. v. Century Sur. Co.*, 2014 WL 6991277 at*4 (N.D. Tex. Dec. 11, 2014); *see also Meritt Buffalo Events Ctr., LLC v. Cent. Mut. Ins. Co.*, No. 3:15-CV-3741-D, 2016 WL 931217, at *4 (N.D. Tex. Mar. 11, 2016). This is the case because an adjuster merely assesses the claimed damages without any settlement authority on behalf of the insurer. *Id.*

- Plaintiff cannot recover against Dang under Insurance Code §541.060(a)(3). *Lopez v. United Prop. & Cas. Ins. Co.*, No. 3:16-CV-0089, 2016 WL 3671115, at *4 (S.D. Tex. July 11, 2016) *citing id.* Not only does an adjuster not have authority to affirm or deny coverage to a policyholder, an adjuster also does not have an actual obligation to prove a reasonable explanation of the basis in the policy for the insurer's position. *Id.*



2530920v1
00520.572

- Plaintiff cannot recover against Dang under Insurance Code §541.060(a)(7). *Id.* As with the preceding sections, the people who can be held liable are those with the actual ability to pay the claim, not the individual responsible for conducting the investigation.

- Plaintiff also cannot recover against Dang for any violations of Chapter 542 because it "only applies to specifically listed 'insurers,' and [Dang], an adjuster, is not an insurer." *Mainali Corp.*, 2015 WL 5098047; *see also Messersmith v. Nationwide Mut. Fire Ins. Co.*, 10 F.Supp.3d 721, 723 (N.D. Tex. 2014).

- Plaintiff cannot recover on its DTPA claims against Dang for the same reasons that it cannot recover on its Insurance Code causes of action. *Id.*

As these claims are not actionable against Dang, they do not provide a basis to predict recovery against him.

**E. Plaintiff's Fraud and Misrepresentation Claims Do Not Comply With Rule 9(b).**

14. As for Plaintiff's remaining causes of action, while Dang can theoretically face liability for fraudulent misrepresentations (and those defined by Insurance Code §541.061(1)-(3)), Plaintiff has not alleged any actionable facts that would support those claims. Notably, these claims must not only be reviewed under federal pleading standards, they must also meet the heightened scrutiny of Rule 9(b). *E.g., Atl. Cas. Ins. Co. v. Primelending, A Plainscapital Co.*, 3:15-CV-1475-D, 2016 WL 1322235, at *2 (N.D. Tex. Apr. 5, 2016); *Frith v. Guardian Life Ins. Co.*, 9 F.Supp.2d 734, 742 (S.D. Tex. 1998). The Fifth Circuit has been clear that:

> With regard to misrepresentation claims, "Rule 9(b) requires allegations of the particulars of time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and he obtained thereby.

*Wallace v. Tesoro Corp.*, 796 F.3d 468, 480 (5th Cir. 2015). "In other words, a plaintiff must plead the 'who, what, when, where, and how' of the fraud." *Lopez v. United Prop. & Cas. Ins. Co.*, No. 3:16-cv-0089, 2016 WL 3671115 (S.D. Tex. July 11, 2016), *quoting Williams v. Bell Helicopter Textron, Inc.*, 417 F.3d 450, 453 (5th Cir. 2005).

15. In this case, Plaintiff has not specified who allegedly made a misrepresentation, when that misrepresentation was made, or what facts were misrepresented. Indeed, the only sentence even mentioning the word "misrepresentation" states: "Zurich and Dang represented to [Plaintiff] that certain damages and losses were not covered under the policies when in fact they were." Plaintiff's Original Petition at para. 4.6. Not only is this sentence a simple conclusion, it also fails to allege any reliance on those statements, which is a requisite of the claim. *Hellstern v. Hartford Fire Ins. Co*., No. 3:14-CV-0993-P, 2015 WL 11120978, at *4 (N.D. Tex. June 23, 2015) ("[A] plaintiff must prove the defendant's misrepresentation caused plaintiffs injuries, and it relied on the defendant's misrepresentations to its detriment.") (internal citations omitted).

16. Several other courts have found virtually identical misrepresentation allegations to be insufficient to state a cause of action against an insurance adjuster. *Mainali Corp*., 2015 WL 5098047; *Mt. Olive Missionary Baptist Church*, Exhibit 6 at page 8. As explained by the Court, "[Plaintiff] has only pleaded a theoretical possibility that [Dang] could be held liable under these subsections. *Id.* at *5. Because these claims fail to state an actual claim against Dang, the Court should that he has been improperly joined.

**F. The Amount in Controversy Exceeds The Jurisdictional Requirements For Diversity Jurisdiction.**

17. The amount in controversy requirement for diversity jurisdiction is clearly satisfied in this case as evidenced by Plaintiff's Original Petition in which Plaintiff expressly alleges that it "seeks monetary relief in an amount over $1,000,000.00." *See* Plaintiff's Original Petition at para. 32. This amount clearly exceeds the jurisdictional requirements for subject matter jurisdiction, and demonstrates that the amount in controversy requirement is satisfied.

## III. REMOVAL IS PROCEDURALLY CORRECT

18. Plaintiff served ZAIC's registered agent with citation and Plaintiffs' Original Petition on August 5, 2016. Accordingly, ZAIC files this Notice of Removal within the thirty-day time period required by 28 U. S. C. Section 1446(b).

19. Venue is proper in this District and Division under 28 U.S.C. §1446(a) because this District and Division include the county in which the state action has been pending and because a substantial part of the events giving rise to Plaintiff's claim allegedly occurred in this District and Division.

20. Pursuant to 28 U.S.C. §1446(a), all pleadings, process, orders, and all other filings in the state court action are attached to this Notice.

21. Pursuant to 28 U.S.C. §1446(d), promptly after ZAIC files this Notice, written notice of the filing will be given to Plaintiff, the adverse party.

22. Pursuant to 28 U.S.C. §1446(d), a true and correct copy of this Notice of Removal will be filed with the Clerk of the Tarrant County District Court, promptly after ZAIC files this Notice.

23. Although consent of an improperly joined defendant is not necessary for removal, Dang consents to removal.

## IV. CONCLUSION

Based upon the foregoing, and other documents filed contemporaneously with this Notice of Removal, which are fully incorporated by reference, Defendant Zurich American Insurance Company hereby removes this case to this court for trial and determination.

[signature follows]

Respectfully submitted,

THOMPSON, COE, COUSINS & IRONS, L.L.P.

By: /s/ *George H. Arnold*

George H. Arnold
Texas State Bar No. 00783559
*Email: garnold@thompsoncoe.com*
Christopher H. Avery
Texas State Bar No. 24069321
*E-Mail: cavery@thompsoncoe.com*
One Riverway, Suite 1400
Houston, Texas 77056-1988
Telephone: (713) 403-8210
Facsimile: (713) 403-8299

Of Counsel:

Travis M. Brown
State Bar No. 24061890
THOMPSON, COE, COUSINS & IRONS, L.L.P.
700 N. Pearl Street, 25th Floor
Dallas, Texas 75201
Telephone: (214) 871-8200
Facsimile: (214) 871-8209
Email: tbrown@thompsoncoe.com

ATTORNEYS FOR DEFENDANTS

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing document was served on all counsel of record, pursuant to the Texas Rules of Civil Procedure, on this the 2nd day of August, 2016.

Jeffrey L. Raizner
Andrew P. Slania
Amy B. Hargis
Raizner Slania, LLP
2402 Dunlavy Street
Houston, Texas 77006

*/s/ George H. Arnold*
George Arnold